NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **FAIRVIEW RITZ CORPORATION,** | : | |
| | : | **Civil Action No. 09-875 (JLL)** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **BOROUGH OF FAIRVIEW, et al.,** | : | **OPINION** |
| | : | |
| **Defendants.** | : | |
| | : | |

## I.     INTRODUCTION

This matter comes before the Court by way of Plaintiff Fairview Ritz Corporation's

("Plaintiff" or "Fairview Ritz") motion for reconsideration [ECF No. 70] of the Court's January

15, 2013 Opinion [ECF No. 63] and Order [ECF No. 64] granting Defendants Borough of

Fairview, Borough of Fairview Police Department, and Anthony Anari, Jr.'s (collectively

"Defendants") motion for spoliation sanctions.  Plaintiff contends that this Court overlooked

certain matters when granting Defendants' motion, and because Plaintiff has subsequently

produced the document that the Court found spoliated, the Court should reverse its finding of

spoliation and its order for monetary sanctions and an adverse inference.  Defendants oppose the

motion for reconsideration.  For the reasons set forth below, the Court will grant Plaintiff's

motion for reconsideration as to the finding of spoliation and the imposition of an adverse-

inference instruction.  However, the Court will direct Plaintiff to show cause why fees and costs

should not be imposed pursuant to Federal Rules of Civil Procedure 16(f), 26(e), 26(g), 37(b)(2),

1

and 37(c)(1).

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Events Leading up to the Court's Original Opinion & Order

Plaintiff alleges that Defendants unlawfully targeted Plaintiff's business as being a cover for prostitution. Compl., ECF No. 1 ¶ 22. All prostitution charges were eventually dismissed. Id. at ¶ 23. Plaintiff claims that Defendants' actions, including an allegedly unlawful search and seizure of the premises, forced Plaintiff to shut down its business, which has not reopened. Id. at ¶¶ 22, 24. Therefore, determining damages in this case would likely require consideration of the value of Plaintiff's business before and after it was closed. Plaintiff seeks to recover this value as compensatory damages, in addition to seeking declaratory and injunctive relief from a borough ordinance regarding licensing.

In 2009, Defendants propounded two sets of discovery requests seeking documents related to the valuation of Plaintiff's business. See Exs. A, G, attached to the Certification of Ruby Kumar-Thompson ("Thompson Cert."), ECF No. 59-4. Plaintiff responded that no such documents existed. See May 3, 2010 letter, attached as Ex. J to Thompson Cert., ECF No. 59-4. During a deposition of Plaintiff's Rule 30(b)(6) witness, however, Defendants learned that some valuation documents did exist. See Joseph Urgo Dep. Tr., attached as Ex. K to Thompson Cert., ECF No. 59-4. Defendants then issued a subpoena to Plaintiff's accountant, Michael Condosta, C.P.A., for these documents. See Subpoena, attached as Ex. N to Thompson Cert., ECF No. 59-4.

Neither Plaintiff nor Condosta objected to this subpoena. Nevertheless, after Mr. Condosta received the subpoena but before he responded to it, Plaintiff's counsel traveled to Mr.

2

Condosta's office, reviewed Mr. Condosta's files, and removed approximately 32 pages from

Mr. Condosta's files.[1]

On April 18, 2011, Plaintiff's counsel sent Defendants' counsel a one-page letter

regarding the removed documents, which purported to be a privilege log. See Letter, attached as

Ex. Q to Thompson Cert., ECF No. 59-5. The letter stated in pertinent part:

> Please accept the following privilege log relative to documents responsive to
> your subpoena:
>
> 1.    12 pages of correspondence between Fairview Ritz and Law
>        Offices of Dennis Oury, LLC;
>
> 2.    20 pages of correspondence between Fairview Ritz and Scott D.
>        Finckenauer, Esq.

Id. The twelve pages of correspondence between Fairview Ritz and Mr. Oury are not at issue.

The "20 pages of correspondence between Fairview Ritz and Scott D. Finckenhauer, Esq."

("Item 2") was the subject of Defendants' spoliation motion, the Court's spoliation finding, and

the current motion for reconsideration.

On June 6, 2011, the Court ordered Plaintiff to "provide a full and complete privilege

log." See Order, ECF No. 30. By letter dated August 9, 2011, Plaintiff produced a more detailed

description of only the first twelve pages of documents it withheld as privileged, but made no

reference to Item 2. See August 9, 2011 letter, attached as Ex. R to Thompson Cert., ECF No.

59-5. At a hearing before this Court on September 9, 2011, Plaintiff's counsel explained that he

---

[1] Plaintiff's counsel and Mr. Condosta have differing recollections of the exact
circumstances of the removal. For example, Mr. Condosta recalls Plaintiff's counsel telling him
that the files he removed were "Ron Stone's personal files, including medical and legal bills."
Affidavit of Michael J. Condosta, C.P.A., attached as Ex. P to Thompson Cert., ECF No. 59-5 ¶
7. Plaintiff's counsel does not recall making any such statement. September 10, 2013 Hearing
Tr., ECF No. 116-2, at 55:18-21.

did not address Item 2 in his August 9, 2011 letter because, contrary to his prior statement, the 20

pages were, in fact, not correspondence between Fairview Ritz and Mr. Finckenauer.  Plaintiff's

counsel represented to the Court that the "document actually was another corporation's document

. . . It was mixed into – with my client's files by accident."  September 9, 2011 Hearing Tr., ECF

No. 43, at 5:19, 6:25-7:1.  Plaintiff's counsel described Item 2 as a "Fairview Ritz contract that it

used with its employee[s]" that had been used as a template by another corporation; the

"contract" contained handwritten notes evidencing a "back and forth" between this other

corporation and its attorney.  See id. 8:2-4, 8:11-12.  Plaintiff's counsel stated he believed the

document had already been produced in discovery.  Id. at 8:9-10.  In a letter dated October 11,

2011, Plaintiff's counsel identified the other corporation as "Pine Tree Holistic Center."  See

ECF No. 41.

As Plaintiff's counsel explained at a hearing on December 14, 2011, he mailed Item 2 to

Ron Stone, the owner of Pine Tree, a former client of the Kologi Simitz law firm ("Kologi

Simitz").  See Dec. 14, 2011 Hearing Tr., ECF No. 51, at 4:12-17.  Plaintiff's counsel

represented that his firm did not retain a copy of the document.  Id. at 4:7-11.  Because of these

representations, the Court ordered Plaintiff's counsel to produce Mr. Stone's contact information

so that Defendants could serve a subpoena to recover the document.  Id. at 7:8-10.  Plaintiff

provided a post office box number, which was not where Mr. Stone resided, and Defendants

were unable to serve him.  Email, attached as Ex. Y. to Thompson Cert., ECF No. 59-6.  Shortly

thereafter, Defendants learned that Plaintiff's counsel was to represent Mr. Stone as well.

The Court held a hearing on January 24, 2012, at which Plaintiff's counsel agreed to

accept service of the subpoena and to produce the document.  January 24, 2012 Hearing Tr., ECF

No. 52, at 4:21-22.  The Court ordered the document be produced by January 30, 2012.  Order,

Jan. 24, 2012, ECF No. 49.  Instead of producing the document, however, Mr. Stone submitted

an affidavit stating that he had lost the document.  Certification of Ron Stone, attached as Ex.

HH to Thompson Cert., ECF No. 59-6.

After hearing oral argument on Defendants' motion for sanctions, the Court issued its

Opinion and Order on January 15, 2013, in which the Court found spoliation and determined the

appropriate sanctions were: (1) the imposition of monetary sanctions for Defendants' time spent

attempting to recover the document; and (2) an adverse inference stemming from the loss of the

document.  ECF Nos. 63-64.

**B.**      **Factual & Procedural History Following the Court's Opinion and Order**

By letter dated January 16, 2013, Plaintiff's counsel notified the Court that, after

receiving the Court's Opinion and Order, Joann Prince, a paralegal and Mr. Simitz's assistant,

had searched Kologi Simitz's electronic file for this case and discovered the "lost" document.  In

her certification, Ms. Prince claimed: (1) Plaintiff's counsel had directed her to mail the twenty

pages to Mr. Stone; (2) she reviewed this document and it appeared to be an employee handbook;

(3) after receiving the Court's decision, she searched her electronic files and discovered the

twenty pages in the form of a .pdf attachment to an email she had sent to Mr. Stone on or about

July 6, 2011; (4) she had, until discovering the document, forgotten that she had scanned and

emailed the document to Mr. Stone, in addition to mailing it; and (5) she did not recall having

been directed to scan and email the document.  Certification of Joann Prince, January 16, 2013

("First Prince Cert."), ECF No. 65-1.  On January 28, 2013, Plaintiff moved for reconsideration

of the Court's January 15, 2013 Opinion and Order.  ECF No. 70.

As an exhibit to that motion, Plaintiff attached a copy of a facsimile (the "Document"), which Plaintiff purported to be Item 2.  See Ex. A to the Certification of Michael S. Simitz, Esq., January 28, 2013 ("First Simitz Cert."), ECF No. 70-5.  The Court has reviewed the Document.  Initially, the Court notes that the Document is actually nineteen pages.  The first page is a handwritten note from "Georgette" to "Scott Finkenhauser, Esq.," which the Court understands to be Scott Finckenauer, Esq.  The note states in pertinent part:

> Please see Hand Book For Fairview Fitness Center.  See corrections that
> need to be made. Also, I am sending the Hand Book For Pine Tree.  Call
> Ron Stone regarding Pine Tree . . . Pages Faxed-18.

See id.  The remaining eighteen pages are two separate handbooks for two entities: (1) The Fairview Fitness Center; and (2) The Pine Tree Holistic Center.[2]  The handbook for Fairview Fitness Center specifically is titled "Handbook    The Fairview Fitness Center."  Id. at 3.  The handbook for Pine Tree Holistic Center appears to be a marked-up draft of the Fairview Fitness Center Handbook.  The original typewritten text, "The Fairview Fitness Center," has been crossed-out and replaced in handwriting with "Pine Tree Holistic Center," and there is handwriting that states "Substitute Pine Tree for Fitness Center."  Id. at 6.  The Pine Tree Holistic Center handbook bears multiple handwritten notations, many of which similarly replace the typewritten text "The Fairview Fitness Center" with the handwritten "Pine Tree Holistic Center."

The Court held a conference on August 13, 2013, to discuss the motion for

---

[2]  The Court notes that the pages of these documents were submitted out-of-order.  It is apparent, however, that pages 6-14 of ECF 70-5 are the Pine Tree handbook and pages 3-5 and 15-20 are the Fairview Ritz handbook.

reconsideration and belated discovery of the Document.  As a result of this conference, the Court

ordered Mr. Simitz and Ms. Prince to submit for the Court's consideration supplemental

affidavits that addressed:

(a)     whether any documents other than those recited in Mr. Simitz's April 18,
        2011, letter to Ms. Thompson were removed from the files of Michael J.
        Condosta and not produced to the defendants;

(b)     what steps, if any, were taken by plaintiff's counsel to preserve the
        document at issue before and after returning it to Mr. Stone;

(c)     the manner and circumstances by which the documents were scanned and
        returned to Mr. Stone after they were removed from the production;

(d)     what, if any, efforts were undertaken by plaintiff's counsel and plaintiff's
        law firm to locate the document at issue before reporting it as lost,
        including any electronic searches for the document;

(e)     what, if any, efforts were undertaken by plaintiff's counsel and plaintiff's
        law firm to locate the document at issue after reporting it as lost, including
        any electronic searches for the document, and before the Court issued its
        Opinion and Order on January 15, 2013; and

(f)     the manner and circumstances by which the document at issue was
        discovered after the Court issued its January 15, 2013, Opinion and Order.

Order, Aug. 13, 2013, ECF No. 104.

On August 23, 2013, Mr. Simitz and Ms. Prince submitted the requested certifications.

See Certification of Michael Simitz, August 19, 2013 ("Second Simitz Cert."), ECF No. 107;

Certification of Joann Prince,  August 19, 2013 ("Second Prince Cert."), ECF No. 107-1.  In his

certification, Mr. Simitz represented that no documents, other than those identified in his April

18, 2011 letter, had been removed from Mr. Condosta's files.  Second Simitz Cert. at ¶ 2.  Mr.

Simitz stated he did not take any steps to preserve the Document before returning it to Stone and

did not conduct any search for the Document between January 2012 (when Stone reported the

Document was lost) and January 15, 2013 (the date of the Court's Opinion and Order).  Id. at ¶ 14. Instead, Mr. Simitz's only effort to locate the Document "was to ask Stone again if he could look for it."  Id. at ¶ 22.

Ms. Prince stated that Kologi Simitz does not have a business practice of electronically storing paper documents.  Second Prince Cert., ECF No. 107-1 ¶ 4.  Any electronic communication, however, is electronically stored.  Id.  Ms. Prince confirmed that she had both mailed the physical copy of the Document to Mr. Stone and also emailed him a copy on July 6, 2011.  Id. at ¶¶ 6-8; Email, ECF No. 116-3.  Ms. Prince did not recall having been directed to scan and email the Document.  Second Prince Cert. ¶ 8.  Ms. Prince claimed she was not told to, and chose not to, conduct either a physical or electronic search prior to receiving the Court's Opinion and Order because she had been told to send the Document to Mr. Stone by regular mail.  Id. at ¶ 9.  After receiving the Court's Opinion and Order, Ms. Prince searched for the Document because "other documents in this matter had been electronically stored."  Id. at ¶ 7.

On September 10, 2013, the Court held a hearing at which both parties were allowed to examine Mr. Simitz and Ms. Prince as to the statements contained in their certifications.  See September 10, 2013 Hearing Tr., ECF No. 116-2.  At the hearing's conclusion, the Court afforded the parties an opportunity to submit supplemental briefing addressing the testimony given at the hearing.  See ECF Nos. 116, 117.

III.    DISCUSSION

Local Civil Rule 7.1(i) governs motions for reconsideration filed in the District of New Jersey.  Byrne v. Calastro, No. 05-68, 2006 U.S. Dist. LEXIS 64054 (D.N.J. Aug. 28, 2006). This Rule provides:

> Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notion of Motion.

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Motions for reconsideration succeed only where "dispositive factual matters or controlling decisions of law" were presented to the court but not considered, and if the "overlooked matter . . . might reasonably have resulted in a different conclusion by the court." Scott v. IBM Corp., No. 98-4092, 2000 U.S. Dist. LEXIS 17979, at *4 (D.N.J. Nov. 29, 2000). Motions for reconsideration should be granted sparingly. Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986). There are three grounds for relief under the Rule: "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Carmichael v. Everson, No. 03-4787, 2004 U.S. Dist. LEXIS 11742, at *2 (D.N.J. May 21, 2004).

In this case, Plaintiff argues that the latter two grounds for relief are relevant. In particular: (1) the Court improperly determined relevance in regards to the spoliated document, which constitutes an error of law, and (2) no spoliation has occurred since Plaintiff has now produced the document that the Court ordered to be produced, which constitutes new evidence for the Court to consider. Pl. Br., ECF No. 70-3, at 2.

Before addressing the merits of Plaintiff's appropriately raised arguments for reconsideration, the Court notes that much of Plaintiff's brief rehashes its opposition to Defendants' motion for sanctions. See ECF No. 56. It is improper for the Court to consider

reargument of an issue on a motion for reconsideration.  See United States v. DeLaurentis, 83 F.

Supp. 2d 455, 474 n.2 (D.N.J. 2000) (noting reconsideration is not appropriate "as a means of

having a second bite at the proverbial apple"); see also Mash v. Twp. of Haverford Dep't of

Codes Enforcement, No. 06-4479, 2007 U.S. Dist. LEXIS 67265 at *8 (E.D.Pa. Sept. 11, 2007)

("It is improper on a motion for reconsideration to ask the court to rethink what it has already

thought through–rightly or wrongly.").

<strong>A.    The Court Cannot Impose an Adverse Inference Based On The Now-<br>Produced Document.</strong>

Kologi Simitz has represented, both through sworn statements and testimony during the

hearing on September 10, 2013, that the Document is the same document that was removed from

Mr. Condosta's files and is Item 2 in Plaintiff's April 18, 2011 letter.  See Second Simitz Cert.,

ECF No. 107 ¶¶ 2, 6, 21; Second Prince Cert., ECF No. 107 ¶ 5; September 10, 2013 Hearing

Tr., ECF No. 116-2, at 146:9-23.  Based upon these statements, the Court's review of the record,

the Document, and the testimony adduced at the September 10, 2013 hearing, it appears

reasonably likely from the similarities between Plaintiff's counsel's early description of the

Document and the Document itself that Plaintiff has now located and produced Item 2.

Moreover, Plaintiff's counsel has consistently maintained that no other documents were removed

from the Condosta file, and that no other relevant discovery has been withheld from Defendants.

September 10, 2013 Hearing Tr., ECF No. 116-2, at 146:24-147:3.  There has been no showing

to the contrary.

In order to impose an adverse inference, "it must appear that there has been actual

suppression or withholding of the evidence."  MOSAID Techs. Inc. v. Samsung Elecs. Co., 348

F. Supp. 2d 332 (D.N.J. 2004) (quoting Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326,

10

334 (3d Cir. 1995)); see also Bull v. UPS, 665 F.3d 68, 78 (3d Cir. 2012) (discussing an adverse

inference being the result of a "document's nonproduction or destruction"). The reasoning

behind this requirement is logical. A jury need not infer anything adversely when that jury can

review the document itself. Therefore, the Court will not impose an adverse inference based on

the document that Plaintiff's counsel has now produced.[3]

## B.      Monetary Sanctions

Plaintiff asserts that no sanctions can be awarded because Plaintiff's counsel has now

produced the document. Pl. Br., ECF No. 70-3, at 3. Plaintiff does not cite any case law in this

section of its letter brief to support its argument. But the Court agrees with Plaintiff insofar as

the January 15, 2013 Opinion and Order predicated monetary sanctions on the finding of

---

[3] Because the Court now finds that an adverse inference instruction is not appropriate, the
Court does not address Plaintiff's argument that, for an adverse inference instruction, the
spoliated document must be relevant under Fed. R. Evid. 401. The Court finds, however, that, at
a minimum, the document was clearly discoverable under Fed. R. Civ. P. 26. The Court
discussed relevance at length in its January 15, 2013 Opinion and found the document to be
relevant based on several factors. Opinion, ECF No. 63, at 8. First, the document was in the
third-party accountant's file that specifically consisted of Fairview Ritz documents. Id. Mr.
Condosta's entire file, as accountant for Fairview Ritz, was subject to the subpoena and all the
documents contained therein constituted potentially relevant evidence. Moreover, Mr.
Condosta's affidavit made clear that he was prepared to produce the document but-for Mr.
Simitz's intervention. See Condosta Aff., attached as Ex. P to Thompson Cert., ECF No. 59-5 ¶¶
3-9. Second, the document is relevant to the issue of whether there existed a corporate
relationship between Fairview Ritz and Pine Tree, and the role of Ron Stone in those companies.
This relationship is pertinent to Defendants' challenge to Plaintiff's claim that it suffered
economic damages as a result of the Defendants' actions, and Plaintiff's estimation of the extent
of those damages. See December 14, 2011 Hearing Tr., ECF No. 51 at 8:4-11 (Defendants'
counsel alleging evidence demonstrates that Pine Tree income was being used to offset Fairview
Ritz's federal tax liabilities, and that payment for architectural services received by Pine Tree
was paid through a Fairview Ritz business account, which sufficiently demonstrated a
relationship between Fairview Ritz and Pine Tree). Finally, the document in question was
subject to Court orders to produce. See Crowley v. Chait, No. 85-2441, 2004 U.S. Dist. LEXIS
27235, at *31 (D.N.J. Dec. 27, 2004) (finding "that the allegedly spoliated evidence was relevant
to claims or defenses" because it had been subject to "discovery orders").

11

spoliation. The Court having concluded that Plaintiff's counsel's belated discovery of the

document negates the finding of spoliation, it logically follows that sanctions predicated on

spoliation cannot apply.

Because the January 15, 2013 Opinion and Order concluded that sanctions for spoliation

were appropriate, the Court did not, for the most part, consider other theories that Defendants had

advanced.[4] Moreover, the belated discovery of the document, and the hearing the Court held on

September 10, 2013, have altered the factual landscape considerably since the January 15, 2013

Opinion and Order. The Court is persuaded that as a matter of fairness, the parties are entitled to

be heard on whether sanctions other than for spoliation are appropriate. Although Plaintiff's

counsel ultimately produced the document, he did so after the Defendants spent more than a year

trying to procure the document's production, and myriad letters, applications, and hearings that

Defendants had to file and attend to ensure they received the discovery to which they were

entitled. The Court explained in its original Opinion that the sanctions it imposed were not

premised on a finding of actual bad faith. See Opinion, ECF No. 63, at 8-9. But it remains that

the manner in which Plaintiff's counsel handled the document necessitated protracted litigation at

a cost to Defendants. Under those circumstances, it would be manifestly unfair for Plaintiff

counsel's belated production of that document, and narrow aversion of spoliation, to preclude

consideration of alternate theories by which Defendants may be entitled to recompense for the

time and effort they expended in attempting to obtain that document. See Carter v. Ryobi

Techtronics, 250 F.R.D. 223, 231 (E.D.Pa. 2008) (ordering plaintiff's counsel to pay the costs

---

[4] The Court considered briefly Defendants' argument pursuant to Fed. R. Civ. P. 37(b)
and dismissed it because Defendants had not explained what court order had been violated or
how. Opinion, Jan. 15, 2013, ECF No. 63, at 18 n.11.

and fees incurred by defendants in their "numerous attempts to obtain discovery"); <u>see also</u>

<u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 869 (3d Cir. 1984) ("Under the Federal

Rules of Civil Procedure and the 1983 amendments, the district court is specifically authorized to

impose on an attorney those expenses, including attorneys' fees, caused by unjustified failure to

comply with discovery orders or pretrial orders."). At a minimum, the parties are entitled to an

opportunity to be heard on those theories.

Therefore, Plaintiff's counsel shall show cause, on or before October 11, 2013, why

monetary sanctions in the form of attorneys' fees and costs incurred by Defendants should not be

imposed on them pursuant to Federal Rules of Civil Procedure 16(f), 26(e), 26(g), 37(b)(2), and

37(c)(1). Defendants may file any response on or before October 25, 2013.

## IV.    CONCLUSION

For the reasons stated herein, Plaintiff's motion for reconsideration is granted as to the

finding of spoliation and the imposition of an adverse inference at trial. However, Plaintiff's

counsel shall show cause in writing, on or before October 11, 2013, why monetary sanctions in

the form of attorneys' fees and costs incurred by Defendants in the litigation concerning the

production of the Document should not be imposed pursuant to Federal Rules of Civil Procedure

16(f), 26(e), 26(g), 37(b)(2), and 37(c)(1). Defendants may file any response on or before

October 25, 2013.

The Court will issue an Order consistent with this Opinion.


*s/Michael A. Hammer*
UNITED STATES MAGISTRATE JUDGE

Date: September 27, 2013