**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FAIRVIEW RITZ CORPORATION d/b/a FAIRVIEW FITNESS CENTER/RITZ DAY SPA <br><br> Plaintiff, <br><br> v. <br><br> BOROUGH OF FAIRVIEW, BOROUGH OF FAIRVIEW POLICE DEPARTMENT, ANTHONY ANARI, JR., et al. <br><br> Defendants. | Civil Action No. 9-875 (JLL) <br><br> **OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendants Borough of Fairview ("Borough"), Borough of Fairview Police Department ("Police Department"), and Lieutenant Anthony F. Anari, Jr. ("Lt. Anari") (collectively "Defendants")' motion for partial reconsideration of this Court's Opinion and Order denying in part summary judgment in favor of Lt. Anari. The Court has considered the submissions made in support of and in opposition to the instant motion, and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendants' motion is denied.

## I.    BACKGROUND

The relevant facts of this case are fully detailed in this Court's November 1, 2013 Opinion ("Opinion"), and are repeated here only to the extent they are pertinent to the instant motion for reconsideration.

1

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that police, on several occasions, unconstitutionally searched its business–a fitness center and day spa–on suspicion of prostitution activities, and unlawfully revoked its business license. (Compl. ¶ 15.) Plaintiff alleged that Defendants unlawfully targeted its business as being a cover for prostitution. (*Id.* at ¶ 22.) Plaintiff further alleged that as a result of Defendants' actions, Plaintiff was forced to shut down the business, which has not reopened. (*Id.* at ¶¶ 22, 24.) The Complaint, filed on February 25, 2009, asserted claims for damages against all Defendants for (1) wrongful search and seizure under the New Jersey Civil Rights Act; (2) state law torts of trespass and invasion of privacy; (4) Fourth and Fourteenth Amendment violations pursuant to 42 U.S.C. § 1983, namely (a) wrongful search and seizure; (b) trespass and invasion of privacy; and (c) denial of due process. On January 14, 2011, Plaintiff voluntarily dismissed with prejudice the Third Count of the Complaint in which it alleged that Fairview Ordinance 4-17.1, which was passed in October 2003 and requires massage operators to be licensed, was unconstitutional facially and as applied to Plaintiff. (CM/ECF No. 20.)

On September 13, 2013, Plaintiff moved for summary judgment on its Fourth Amendment claims arising out of a January 17, 2008 search by Lt. Anari and members of the Fort Lee department of its premises and seizure of its property. (CM/ECF No. 81.) Defendants moved for summary judgment as to all claims asserted in the Complaint. (CM/ECF No. 85.) The Court denied Plaintiff's motion and granted in part and denied in part Defendants' motion. Specifically, Defendants' motion for summary judgment  was granted as to: (1) Plaintiff's tort claims under New Jersey law; (2) all of Plaintiff's municipal liability claims; and (3) Plaintiff's illegal seizure claims against Lt. Anari. Defendants' motion was denied as to: (1) Plaintiff's procedural due process claim against Lt. Anari; and (2) Plaintiff's illegal search claims under the

Fourth Amendment and New Jersey Civil Rights Law, stemming from the January 17, 2008 search, against Lt. Anari. Defendants filed the instant motion for reconsideration on November 15, 2013.

## II.    LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be granted "very sparingly." *See* L. Civ. R. 7.1(i) cmt. 6(d); *see also Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to re-litigate old matters" or argue new matters that could have been raised before the original decision was reached. *See, e.g., P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). To prevail on a motion for reconsideration, the moving party must "set [] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1.

The Court will reconsider a prior order only where a different outcome is justified by: 1) an intervening change in law; 2) the availability of new evidence not previously available; or 3) a need to correct a clear error of law or manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City*, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).

## III.    DISCUSSION

In their motion, Defendants neither argue that there has been an intervening change in the law, nor that new evidence compels a result different from the one this Court previously reached. Accordingly, to prevail on their motion for reconsideration, Defendant must establish either that

3

this Court committed clear error in granting summary judgment, or that reconsideration is appropriate to prevent manifest injustice. *See N. River Ins. Co.*, 52 F.3d at 1218.

Defendants make three claims in support of their instant motion. The Court will address each argument in turn.

## A. Claim for Wrongful Search and Seizure Pursuant to the NJCRA

First, Defendants assert that this Court erroneously interpreted Plaintiff's claim for unlawful search and seizure as a claim pursuant to the New Jersey Civil Rights Act ("NJCRA"). (Def. Br. at 3-4.) In essence, Defendants assert that since Plaintiff did not specify the precise statute under which it intended to pursue its claim for wrongful search and seizure, this Court erroneously interpreted it to be a claim under the NJCRA.

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Count One of Plaintiff's Complaint is for "Wrongful Search and Seizure." Compl., at 7. In its Complaint, Plaintiff describes the "Nature of the Action" as one to "redress violations of plaintiff's rights, privileges and immunities under the United States Constitution and the *Constitution of the State of New Jersey....*" *Id.*, at ¶ 4 (emphasis added).

In light of the foregoing, it was apparent from a review of Plaintiff's response to Defendant's motion for summary judgment, and Count One itself, that Count One was meant to proceed under the NJCRA. "Defendants cite no authority for the proposition that Rule 8(a) requires [P]laintiff to cite the specific law on which he relies, and indeed the ... [text of Count One indicates the substance of] Plaintiff's claim." *See Thompson v. Med-Mizer, Inc.*, 2011 U.S. Dist. LEXIS 28875 (E.D. Pa. Mar. 21, 2011). Rule 8(a) requires that a complaint put the

defendant on notice of the basis of the claims asserted against him, and Count One of Plaintiff's Complaint fulfills that mandate. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Defendants argued in their reply brief that Plaintiff was improperly asserting a claim under the NJCRA. The Court rejected their argument and denied summary judgment as to Plaintiff's claim for wrongful search and seizure pursuant to the NJCRA. *See* Opinion, at 17. Therefore, it is clear to the Court that Defendants' motion seeks to re-argue matters that were previously presented to and rejected by this Court. Defendants' motion for reconsideration of Plaintiff's NJCRA claim is denied.

B. Procedural Due Process

Second, Defendants claim that this Court overlooked the fact that Plaintiff's factual assertions in support of its procedural due process claim were unsupported by record evidence. (Def. Br. at 5-6.) Defendants claim that the record documents relied upon by Plaintiff to demonstrate that genuine issues of fact existed with respect to its procedural due process claim could not be considered by this Court.

Defendants are correct that this Court did not receive certain of Plaintiff's exhibits, and that it did not consider the certification of Joseph Urgo because he lacked personal knowledge upon which to base his certification. Defendants are also correct that Plaintiffs cited these exhibits in the portions of the relevant statements of material facts relied on by this Court to deny summary judgment as to the procedural due process claim. However, Defendants ignore that motions for summary judgment can be denied not only when the opposing party points to contradictory record evidence on material issues of fact, but also when the opposing party demonstrates that the moving party "fail[ed] to properly support an assertion of fact...." *See* Federal Rule of Civil Procedure 56(c)(1)(B); 56(e).

In the instant matter, Defendants supported their contention that the August 23, 2007 closure was voluntary by citing to Lt. Anari's narrative report, Exhibit GG. (Def. SUMF ¶ 52.) Plaintiff denied that the closure was consensual not just by citing to record evidence that the Court admits it did not and could not properly consider, but also by stating that "the record evidence submitted by Plaintiff d[id] not support the assertion that Russo ever agreed to close the business." (Pl. Opp. SUMF ¶ 52.)

The Court agreed that Defendants' contention that the closure was voluntary was not supported by citation to Lt. Anari's Narrative Report. In fact, Lt. Anari's report says that he "asked that [Mr. Russo] allow [them] to walk through the establishment to see if any other people were inside *before we closed*." (Def. Exhibit GG, Lt. Anari Narrative Report, at 1) (emphasis added). "After a ten minute wait he called the attendant and said that it was ok for us to walk through." *Id.* This is the only mention of a forced business closure in Lt. Anari's narrative report and does not establish that Mr. Russo agreed to close the business. Thus, Defendants have failed to sustain their burden of establishing that this Court committed clear error in denying summary judgment on Plaintiff's due process claim. *McGovern*, 2008 WL 58820, at *2.

C. <u>Qualified Immunity for Claims Arising from the January 17, 2008 Search</u>

Third, Defendants argue that the Court erroneously found a genuine issue of fact as to whether Lt. Anari spoke to a prosecutor from the scene of the January 17, 2008 search and relied on the prosecutor's advice in executing the search. (Def. Br. at 6-7.) Again, Defendants have not established that this Court overlooked dispositive facts or legal issues that would warrant a grant of their motion for reconsideration. Rather, Defendants are merely re-litigating the issue of

whether they established that Lt. Anari relied on advice from a prosecutor in executing the January 17, 2008 search.

In their statement of material facts, Defendants asserted that Lt. Anari spoke with Prosecutor Mark Thonus from the scene of the January 17, 2008 search prior to seizing any items for forfeiture and subsequent to "cursory searches of the rooms by the undercover team." (Def. SUMF ¶ 80.) However, Plaintiff contended that Defendants failed to establish who Lt. Anari was speaking with from the scene (Pl. Resp. SUMF ¶¶ 80-81.) Plaintiff cited to the surveillance video to support this contention, as well as to Lt. Anari's deposition. *Id.*

Even if Lt. Anari spoke with a prosecutor from the scene of the search at time stamp 2:13, the video does not give any hint as to whom he was speaking with, and the conversation, in any event, occurred after the officers began searching the premises. Specifically, the alleged phone call occurred after the first set of banging. Subsequent to this banging, Lt. Anari can be heard referencing the noise and saying that the officers did not need a warrant. (Def. Exhibit KK, Surveillance Video at 1:59.) An officer can be seen carrying what appears to be a sledge hammer. (*Id.* at 2:07.) Also before Lt. Anari's phone call, officers, including Lt. Anari, can be heard discussing three locked doors and keys for one or more locked areas. (*See, e.g., id.* at 2:08.) One officer can be heard saying that it was "too late," possibly referencing using a key to open something and implying that it was "too late" because officers broke in already. (*Id.*) Thus, even if Lt. Anari relied on prosecutorial advice received at time stamp 2:13, Defendants have made no showing as to why such reliance would warrant immunity for events that occurred before that call.

Moreover, Lt. Anari's deposition is far from clear on when he spoke with the prosecutor and whether he would have relied on that advice to *search* the premises. Specifically, Lt. Anari testified at different points that he only spoke with the prosecutor about what could be taken for civil forfeiture (Def. Exhibit JJ, 86:7-15), that he was not sure when he spoke with him (*Id.*, 84:1-13; 85:19-25), and that he did not speak with him in the reception area, where the call on the video took place (*Id.*, 87:3-11). Therefore, Plaintiff supported its assertion with sufficient evidence to raise a genuine issue of fact as to when Lt. Anari spoke with the prosecutor, what advice he received from the prosecutor, and how this advice related to Lt. Anari's actions vis-a-vis the search of the premises. *See* Opinion, at 42.

Local Civil Rule 7.1(i) does not allow parties to restate arguments that the court has already considered. *See, e.g., G–69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). To that end, "[m]ere disagreement with a decision of the District Court should normally be raised through the appellate process and is inappropriate on a motion for reargument." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). In failing to establish that this Court overlooked any "dispositive factual or legal matter that was presented to it," Defendant has failed to sustain its burden of establishing that this Court committed clear error in granting summary judgment. *McGovern*, 2008 WL 58820, at *2 (emphasis added).

## IV.   CONCLUSION

Based on the reasons set forth above, Defendants' motion for reconsideration is **denied**.

An appropriate Order accompanies this Opinion.

José L. Linares
United States District Judge

Date:   December 20, 2013

8